NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CONTROL BUILDING SERVICES, INC., <br> Defendant. | **OPINION** <br><br><br> Civ. No. 14-cv-5651 (WHW)(CLW) |

**Walls, Senior District Judge**

Before the Court is a motion to intervene in a dispute over insurance coverage. Plaintiff Colony National Insurance Company ("Colony") brings this action for declaratory judgment and breach of contract against its named insured, Control Building Services, Inc. ("Control Building"). According to Colony, the general liability policy it issued to Control Building required Control Building to pay the first $100,000 in expenses during any covered litigation—a sum known as the "retained limit." Colony alleges that it defended Control Building in several personal injury lawsuits, but that Control Building failed to satisfy the retained limit, breaching the policy's terms. Colony seeks damages for the breach, and a declaration that it has no duty to defend or indemnify Control Building until Control Building fulfills its obligations.

Non-party DDR Corp. (f/k/a/ Developers Diversified Realty Corporation) ("DDR"), an additional named insured under the same policy, now seeks to intervene as of right under Fed. R. Civ. P. 24(a)(2) or 24(b) to protect its interests under the policy. Mot. to Intervene, ECF No. 9. Decided without oral argument under Fed. R. Civ. P. 78, DDR's motion is granted.

1

NOT FOR PUBLICATION

## BACKGROUND

Colony issued Control Building an insurance policy for the period from August 16, 2008 to August 16, 2009, then extended coverage through August 16, 2010, and again through January 31, 2011. Compl. ¶ 2, ECF No. 1. "Colony's claims arise out of Control Building's failure and anticipatory failure to satisfy the applicable $100,000 retained limit under the Colony policies with respect to underlying claims falling within the policies' General Liability Coverage Part or Products/Completed Operations Coverage Part." *Id*.

Under the policy, Colony agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id*. ¶ 11. The policy limits Colony's liability to amounts in excess of the "retained limit" (the amount that the insured must pay before the coverage kicks in), which is set at $100,000 per occurrence and $2,000,000 in the aggregate. *Id*. ¶ 12. The retained limit includes "damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any 'claim' or 'suit' to which this policy applies." *Id*.

Colony funded the defense of Control Building in several "personal injury lawsuits in various jurisdictions." *Id*. ¶ 16. For some of these claims, Control Building failed to satisfy the retained limit. *Id*. ¶ 24. Other personal injury claims against Control Building are still pending. *Id*. ¶ 26. Colony is currently funding Control Building's defense, despite Control Building's failure to satisfy the retained limit in these cases. *Id*. ¶ 32. In early 2014, Colony received notice from an officer of Control Building that Control Building is "now out of business, no longer operating or merely insolvent." *Id*. ¶ 35. The notice stated that Control Building could no longer fund any portion of its legal defense. *Id*. ¶ 36.

Colony filed a complaint in this Court on September 11, 2014. The complaint lists counts for breach of contract, anticipatory breach of contract and declaratory judgment. *Id.* 11-18. Colony seeks:

> (a) an award of damages for Control Building's breaches and anticipatory breaches of its obligations under the Colony policies; (b) a declaration that Colony has no duty to defend in connection with such underlying claims unless and until Control Building, pursuant its obligations under the Colony policies, satisfies the retained limit for those claims; and (c) a declaration that Colony has no duty to indemnify in connection with such underlying claims unless and until Control Building, pursuant its obligations under the Colony policies, satisfies the portion of the retained limit that Colony considers necessary to complete the settlement of those claims.

*Id.* ¶ 3. Control Building did not respond to the complaint. On October 28, 2014, Colony requested default against Control Building, which the Clerk entered that day. ECF No. 6. Colony moved for default judgment against Control Building on January 12, 2015. ECF No. 7.

DDR is an additional named insured on the policy Colony issued to Control Building. *See* Ex. A to Aff. of Joseph S. Kavesh, ECF No. 9-2. DDR is a co-defendant with Control Building in at least one personal injury action in a New York state court. Kavish Aff. ¶ 3. Colony has been funding the defense of DDR in that action, spending $19,600 on DDR's behalf. *Id.* Ex. A 9. Despite funding DDR's defense thus far, Colony warned DDR in a letter dated January 28, 2015 that it "had no obligation to provide a defense or indemnification in connection with the [New York litigation]." *Id.* 32. Its reasoning was that "Control Building has not complied with its duty to cooperate by failing to satisfy the Retained Limit for underlying claims . . . ." *Id.* The letter also informed DDR of the action pending in this Court, stating that Colony seeks "a declaration that Colony has no duty to defend or indemnify with respect to underlying claims . . . to the extent that Control Building has not satisfied the Retained Limit . . . ." *Id.* "Colony believes that the Underlying Claim is subject to its claims in the New Jersey Action." *Id.* 9-10.

3

DDR now moves to intervene in this litigation, contending that "[a]s an additional insured under the 2008-2009 policy and a defendant in one of the 'Pending Underlying Claims,' DDR is an interested party in this declaratory judgment action in which Colony Insurance seeks certain declarations by this Court with respect to the 2008-2009 policy." DDR's Br. 2, ECF No. 9. Colony responds that "DDR's participation in the case is thus unnecessary to the resolution of this issue, which relates solely to the obligations of Control Building, as the first Named Insured, under the policies." Pl.'s Br. 5, ECF No. 17.

## STANDARD ON A MOTION TO INTERVENE

A non-party to an action may move to intervene as of right if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In the Third Circuit, a litigant seeking intervention as of right under Rule 24(a)(2) must establish that "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). "Each of these requirements must be met." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder*, 72 F.3d 361, 366 (3d Cir. 1995).

## DISCUSSION

### I. DDR's Motion to Intervene Is Timely

The timeliness of a motion to intervene is "determined from all the circumstances and, in the first instance, by the trial court in the exercise of it sound discretion." *Mountain Top Condo.*, 72 F.3d at 369 (citations omitted). To determine whether the intervention motion is timely, the Third Circuit has listed three factors to consider: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay. *Id.* "The mere passage of time . . . does not [itself] render an application untimely." *Id.* (citations omitted). Instead, a court considers the state of legally significant proceedings and the extent of prejudice to the parties. *Id.* at 369-70 (citation omitted).

This litigation is in its early stages. Colony has moved for default judgment, ECF No. 7, but the Court has not yet ruled on the motion. Although Colony is entitled to have its claim against Control Building resolved, there is no suggestion in its submissions of any prejudice that would arise from allowing DDR to participate. Prejudice is especially unlikely because the central issue in the litigation is interpretation of a written insurance policy; the matter is unlikely to require substantial discovery. *See* Pl.'s Br. 4-5. After learning of this litigation from Colony in January 28, 2015, DDR promptly notified the Court of its status as an additional named insured, and moved to intervene shortly after, on March 20, 2015. *See* DDR's Br. 9. The motion is timely.

### II. DDR Has a Sufficient Interest in the Litigation, and Its Interest May Be Impaired by the Disposition of the Action

An intervener's interest must be "significantly protectable" and must be "a legal interest as distinguished from interest of a general and indefinite character." *See Mountain Top Condo.*, 72 F.3d at 366. The Third Circuit has acknowledged that there is no "'precise and authoritative

5

definition' of the interest that satisfies Rule 24(a)(2)" and that the interest standard is of a "nebulous nature." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (citations omitted). Because there is no "pattern that will easily support or defeat intervention in all circumstances," courts should adhere to the "elasticity that Rule 24 contemplates" when resolving the factual situations before them. *Id.* at 970. In doing so, courts may examine pragmatic considerations. *Id.*

When a moving party has established a sufficient legal interest in the underlying dispute, it must then show that its interest "may be affected or impaired, as a practical matter by the disposition of the action." *Sugzdinis ex rel. Brody v. Spang*, 957 F.2d 1108, 1122 (3d Cir. 1992) (citation omitted). The Third Circuit has stated that "[i]t is not sufficient that the claim be incidentally affected; rather, there must be a tangible threat to the applicant's legal interest." *Id.* at 1123 (citation omitted). A movant need not show that it "would be barred from bringing a later action," because "[t]he possibility of a subsequent collateral attack does not preclude" a showing that a movant's interest would be impaired if it were denied intervention. *Id.*

DDR's interest in this litigation arises from its status as an additional named insured under the policy in question. *See* Kavesh Aff. Ex. A. As Colony stressed in a letter to DDR, "[t]he rights of named insureds and additional insureds to a defense and indemnification, if any, are to [sic] subject to all terms, conditions and exclusions contained in the Policy." Kavesh Aff. Ex. D 3. In bringing this action, Colony alleges that Control Building has not fulfilled its obligations under the policy. Compl. ¶ 2. For that reason, Colony seeks to be relieved of its duty to defend the underlying actions, which seek recovery from both Control Building and DDR. *Id.* ¶ 3. DDR correctly describes the position Colony communicated to DDR: Colony believes its "defense of DDR [in the New York litigation] is contingent upon the outcome of this pending

coverage action . . . ." Kavesh Aff. ¶ 11. Colony seeks a declaratory judgment that could impair DDR's rights under the policy. It follows that DDR has a sufficient interest in the litigation, and its interest may be impaired by this action's disposition.

### III.    DDR's Interest Is Not Adequately Represented by the Existing Parties

The intervener has the burden of proving that its interests are not adequately represented by the existing parties to the suit. *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 162 (3d Cir. 1995). To discharge this burden, the applicant may (1) "demonstrate that its interests, though similar to those of an existing party, are nevertheless sufficiently different that the representative cannot give the applicant's interests proper attention[,]" (2) "establish collusion between the representative and an opposing party," or (3) "indicat[e] that the representative has not been diligent in prosecuting the litigation." *U.S. v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1186 n.15 (3d Cir. 1994) (citing *Spang*, 957 F.2d at 1123).

Control Building, the existing defendant in this matter, has not responded to the complaint, and Colony has moved for default judgment. Because DDR's rights under the policy may be impaired by (1) the relief Colony seeks, (2) Control Building's failure to satisfy its policy obligations, and (3) Control Building's failure to defend this action, DDR's interest is not adequately represented by the existing parties.

### IV.    DDR's Motion Should Be Granted

DDR has met each of the requirements under Rule 24(a)(2). The Court will allow DDR to intervene.

## CONCLUSION

DDR's motion to intervene is granted. The caption is amended to include DDR as a defendant. DDR shall respond to the complaint within 21 days of the date of the accompanying order.

DATE: 11 August 2015

Hon. William H. Walls
Senior United States District Court Judge