NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COLONY NATIONAL INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>CONTROL BUILDING SERVICES, INC., and DDR CORP. (f/k/a Developers Diversified Realty Corporation),<br>Defendants. | : : : : : : : : : : : : | OPINION<br><br>Civ. No. 14-cv-5651 (WHW)(CLW) |

**Walls, Senior District Judge**

Before the Court is a motion for default judgment in a dispute over insurance coverage. Plaintiff Colony National Insurance Company ("Colony") brings this action for declaratory judgment and breach of contract against its first named insured, Control Building Services, Inc. ("Control Building"). According to Colony, the general liability policy it issued to Control Building and other named insured parties required Control Building to pay the first $100,000 in expenses during any covered litigation—a sum known as the "retained limit." Colony alleges that it defended Control Building and other named insureds in several personal injury lawsuits, but that Control Building failed to satisfy the retained limit, breaching the policy's terms. Colony seeks damages for the breach and a declaration that it has no duty to defend or indemnify any named insured under the insurance policies until Control Building fulfills its obligations. Control Building has not answered Colony's complaint or otherwise entered an appearance in this action.

Defendant and cross-claimant DDR Corp. (f/k/a/ Developers Diversified Realty Corporation) ("DDR"), an additional named insured under the same policy who has received

1

defense services from Colony in one of the lawsuits specified in the complaint, opposes the motion for default judgment. DDR contends that a declaration in favor of Colony would affect its own right to satisfy the retained limit and continue to receive legal services from Colony under the insurance policy. Decided without oral argument under Fed. R. Civ. P. 78, Colony's motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. The insurance policies and complaint

Colony issued Control Building an insurance policy for the period from August 16, 2008 to August 16, 2009, then renewed the policy through August 16, 2010, and extended the renewal through January 31, 2011. Compl. ¶ 2, ECF No. 1. "Colony's claims arise out of Control Building's failure and anticipatory failure to satisfy the applicable $100,000 retained limit under the Colony policies with respect to underlying claims falling within the policies' General Liability Coverage Part or Products/Completed Operations Coverage Part." *Id.*

Under the initial and renewed policies, Colony agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." *Id.* ¶ 11. The policy limits Colony's liability to amounts in excess of the "retained limit" (the amount that the insured must pay before the coverage kicks in), which is set at $100,000 per occurrence and $2,000,000 in the aggregate. *Id.* ¶ 12. The retained limit includes "damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any 'claim' or 'suit' to which this policy applies." *Id.*

Colony funded the defense of Control Building and other named insured parties in several "personal injury lawsuits in various jurisdictions." *Id.* ¶ 16. For some of these claims,

Control Building failed to satisfy the retained limit. *Id.* ¶ 24. Other personal injury claims against Control Building and other named insured parties, including DDR, are still pending. *Id.* ¶ 26. Colony is currently funding the parties' defenses despite Control Building's failure to satisfy the retained limit in these cases. *Id.* ¶ 32. In early 2014, Colony received notice from an officer of Control Building that Control Building is "now out of business, no longer operating or merely insolvent." *Id.* ¶ 35. The notice stated that Control Building could no longer fund any portion of its legal defense. *Id.* ¶ 36.

Colony filed a complaint in this Court on September 11, 2014. The complaint lists counts for breach of contract, anticipatory breach of contract and declaratory judgment. *Id.* 11-18. Colony seeks:

> (a) an award of damages for Control Building's breaches and anticipatory breaches of its obligations under the Colony policies; (b) a declaration that Colony has no duty to defend in connection with such underlying claims unless and until Control Building, pursuant its obligations under the Colony policies, satisfies the retained limit for those claims; and (c) a declaration that Colony has no duty to indemnify in connection with such underlying claims unless and until Control Building, pursuant its obligations under the Colony policies, satisfies the portion of the retained limit that Colony considers necessary to complete the settlement of those claims.

*Id.* ¶ 3.

## II. Colony's motion for default judgment.

Control Building did not respond to the complaint. On October 28, 2014, Colony requested default against Control Building, which the Clerk entered that day. ECF No. 6. Colony moved for default judgment against Control Building on January 12, 2015. ECF No. 7. In the motion for default judgment, Colony alleges that it suffered $115,866.90 in damages by providing defenses to "Control Building, other Named Insureds, and/or purported additional insureds under the Policies" in two cases without receiving retained limit contributions. ECF No.

7 at 7-8 (citing *Green v. MVRC Holding LLC*, no. 16-11-12686 (Or. Cir. Ct., Lane Cty.), *Mulvaney v. New Jersey Transit Corp.*, No. L-3297-12 (N.J. Super. Ct., Law Div., Hudson Cty.). Colony also states that it continues to represent "Control Building and/or other entities that are additional or omnibus insureds under the Policies" in nine separate pending lawsuits, including one in which it has occurred an additional $19,548.02 in expenses. *Id.* at 8-9 (citing *Wyse v. Home Depot USA, Inc.*, no. 2009/012330 (N.Y. Sup. Ct., Erie Cty.)).

Colony seeks a total of $135,313.92 in damages on Counts I and III of the complaint, the breach of contract counts for past and pending personal injury claims. Proposed Order of Final Default Judgment, ECF No. 7-3 at 1. Colony also seeks (a), on Count V of the complaint, a declaration that Control Building must satisfy the retained limit as a condition precedent to Colony's duty to defend in nine pending claims against Control Building and other named insureds across the country, (b), on Count VI of the complaint, a declaration that Control Building must satisfy the retained limit before Colony has a duty to indemnify with respect to the pending claims, (c), on Count VII of the complaint, a declaration that Control Building must satisfy the retained limit before Colony is obligated to defend any future claim against a named insured party, and (d) on Count VIII of the complaint, a declaration that Control Building must satisfy the retained limit before Colony is obligated to indemnify any named insured party in a future settlement. *Id.* at 2-3.

### III. DDR's motion to intervene, counterclaim, and opposition to Colony's motion for default judgment.

DDR is an additional named insured on the policy Colony issued to Control Building. *See* Ex. A to Aff. of Joseph S. Kavesh, ECF No. 9-2. DDR is a co-defendant in *Wyse v. Home Depot USA, Inc.*, one of the pending actions listed in the complaint and Colony's motion for default

judgment. Kavish Aff. ¶ 3; ECF No. 7 at 8. Colony has been funding the defense of DDR in that action, spending $19,548.02 on the insured parties' behalf. *Id.* Ex. A 9. Despite funding DDR's defense thus far, Colony warned DDR in a letter dated January 28, 2015 that it "had no obligation to provide a defense or indemnification in connection with the [New York litigation]." *Id.* 32. Its reasoning was that "Control Building has not complied with its duty to cooperate by failing to satisfy the Retained Limit for underlying claims . . . ." *Id.* The letter also informed DDR of the action pending in this Court, stating that Colony seeks "a declaration that Colony has no duty to defend or indemnify with respect to underlying claims . . . to the extent that Control Building has not satisfied the Retained Limit . . . ." *Id.* "Colony believes that the Underlying Claim is subject to its claims in the New Jersey Action." *Id.* 9-10.

DDR moved to intervene in this litigation, contending that, "[a]s an additional insured under the 2008-2009 policy and a defendant in one of the 'Pending Underlying Claims,' DDR is an interested party in this declaratory judgment action in which Colony Insurance seeks certain declarations by this Court with respect to the 2008-2009 policy." DDR Mot. Intervene, ECF No. 9 at 2. The Court granted DDR's motion to intervene on August 11, 2015, ECF No. 21.

DDR filed an answer to Colony's complaint and a counterclaim against Colony on September 4, 2015, asserting that, "as a named insured on the alleged Colony policies, DDR is entitled to coverage thereunder for any past, present, or future claim brought against DDR" and that "payment by DDR in connection with any past, present or future claim satisfies the Self Insured Retention Endorsement" of the insurance policies, and seeking judgment

> (1) declaring that Colony is obligated to defend and indemnify DDR under the alleged Colony policies for any past, present, or future claim against DDR in excess of the retained limit[;] (2) granting the relief requested in its counterclaims; and (2) awarding such other and further relief as the Court deems appropriate, including the costs and disbursements of this action.

ECF No. 24 ¶¶ 92-93, 102. Colony filed an answer to DDR's counterclaims on September 25, 2015. ECF No. 26.

On October 5, 2015, DDR filed a brief in opposition to Colony's motion for default judgment against Defendant Control Building, arguing (a) that a declaration that Colony has no obligation to defend or indemnify in connection with any of the claims specified in Colony's complaint would adversely affect DDR's own right to defense and indemnification under the insurance policies and (b) that the same declaration would lead to a potentially inconsistent ruling on DDR's counterclaim that it is entitled to satisfy the retained limit. ECF No. 27. DDR contends that Colony's motion for default judgment should be denied or, in the alternative, that the scope of the default judgment should be limited to apply only to Colony, so as not to prejudice DDR or other named insureds not in default. *Id.* Colony filed a reply brief in further support of the motion for default judgment on October 13, 2015, arguing that default judgment is appropriate at this stage because, as first named insured, Control Building is the only party that can satisfy the retained limit. ECF No. 28.

## LEGAL STANDARD

Because the entry of default prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95.

Case 2:14-cv-05651-WHW-CLW   Document 29   Filed 11/18/15   Page 7 of 19 PageID: 1011
NOT FOR PUBLICATION

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005).

A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

Under Fed. R. Civ. P. 54, "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." If not, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the

claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

In *Frow v. De La Vega*, the Supreme Court held that, where one defendant has defaulted and others have not, a "final decree on the merits cannot be made separately" against the defaulting defendant while the case is still pending against the non-defaulting defendants. 82 U.S. 552, 554 (1872). Later courts have interpreted *Frow* to apply only when default judgment against one defendant creates the possibility of an inconsistent ruling with respect to another defendant, holding that *Frow* "at most . . . forbids the entry of a final judgment against one defendant while others continue to contest liability in the district court . . . in situations where the liability of one defendant necessarily depends upon the liability of the others." *International Controls Corp. v. Vesco*, 535 F.2d 742, 746 (2d Cir. 1976); *see also West American Ins. Co. v. Boyarski*, 2012 WL 4755372, at *2 (W.D. Pa. Oct. 5, 2012) ("In a multiple-defendant case, default judgment against one defendant should be avoided if the default judgment would create inconsistent and unsupportable results as to the non-defaulting defendants." In that situation, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants.") (citing *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 850 (D.N.J. 2008)) (internal quotations omitted).

Where judgment against a defaulting defendant would not affect the liability of non-defaulting defendants, default judgment may be appropriate. *See Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154-55 (3d Cir. 1986) (affirming district court's order of default judgment against two defendant asbestos suppliers for causing plaintiff's asbestosis even though third defendant asbestos supplier, who defended the action at trial, obtained favorable verdict that

plaintiff had "assumed the risk," because the facts proved at trial did not "preclude the liability" of defaulting co-defendants); *International Controls Corp.*, 535 F.2d at 746-47 (default judgment against defaulting defendant was final despite unresolved claims against non-defaulting co-defendants because defaulting defendant's "liability in the instant setting does not depend upon that of any of his co-defendants"); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2690 (3d ed. 2015) ("The key in deciding whether to extend *Frow* outside situations in which liability is joint and several is to recognize that the *Frow* principle is designed to apply only when it is necessary that the relief against the defendants be consistent. If that is not the case, then a default against one defendant may stand, even though the remaining defendants are found not liable.") (citing *Frow*, 82 U.S. 552).

## DISCUSSION

Plaintiff Colony states that default judgment is appropriate because it has presented valid claims against Control Building for breach of contract and declaratory judgment, Control Building has not answered or otherwise contested these claims, and Colony – which continues to incur expenses funding the settlement and/or defense of claims for which Control Building has not satisfied the "retained limit" – will be prejudiced absent a declaratory judgment that it no longer has a duty to defend or indemnify.

Defendant DDR claims that, by granting the declaratory judgment Colony seeks, the Court would improperly adjudicate DDR's own rights as a named insured under the insurance policies. DDR argues that the declaratory judgment Colony seeks would require the Court to hold that *only* Control Building can satisfy the retained limit and would free Colony from the obligation to defend or indemnify DDR, even if DDR seeks to satisfy the retained limit or to defend this action on the merits. This holding, the Defendant says, would directly contradict

DDR's counterclaim that it may satisfy the retained limit and obligate Colony to continue providing DDR defense and/or indemnification.

The Court first determines whether Colony is entitled to default judgment against Control Building as a single defendant and then determines whether the particular judgment Colony seeks is appropriate at this stage under *Frow*.

## I. Plaintiff Colony makes a facially valid claim for breach-of-contract against Defendant Control Building.

Colony makes a facially valid claim that Control Building has breached the terms of the insurance policies. The elements of a breach-of-contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Colony alleges that it issued two insurance policies to a group of named insured parties, including Control Building. ECF No. 1 ¶¶ 8-10. The policies state, in part, that Colony has the "right and duty to defend the insured against" any suit seeking damages because of property damage or bodily injury, *id.* ¶ 11, but that coverage will only apply "in excess of the Insured's Self Insured Retention" in the amount of $100,000 per occurrence or $2,000,000 in the aggregate, and that that Colony does "not have the duty to investigate or defend any 'occurrence,' claim or 'suit' unless and until the Retained Limit is exhausted with respect to that 'occurrence,' claim or 'suit.'" *Id.* ¶ 12. The policies also inform the named insured parties that, "upon [Colony's] written request, you shall tender such portion of the self-insured retention as we consider necessary to complete the settlement of a claim or 'suit.'" *Id.*

Colony alleges that Control Building has breached the insurance policy contracts by failing to satisfy the retained limit for several past and pending claims against named insured

parties, despite Colony's requests, *id.* ¶¶ 23-24, 31-32. Colony also charges that Edward Turn, an officer of Control Building, sent Colony a letter in early 2014 announcing that any "pending, open, or future claims" against Control Building "can no longer be handled, funded or litigiously defended" by the company, indicating Control Building's intent to breach the contracts. *Id.* ¶¶ 33-36.

Despite this, Colony alleges that it has continued to perform its own obligations under the insurance policies, suffering damages as a result. Colony claims that it provided defenses and funded settlements on behalf of named insured parties in past underlying claims, *id.* ¶ 25, and continues to provide defenses and fund settlements in the pending claims, all without receiving the requested retained limit contributions from Control Building. *Id.* ¶ 32.

## II. Plaintiff Colony satisfies the *Chamberlain* factors against Defendant Control Building.

The *Chamberlain* factors – (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct – also weigh in favor of granting Colony's motion for default judgment. *Chamberlain*, 210 F.3d at 164. To repeat, Colony makes a facially valid breach-of-contract claim against Control Building, and the Court sees no obvious litigable defense available to the Defendant. Control Building, which has not filed an answer to Colony's complaint, has not "engaged in the litigation process and ha[s] offered no reason for this failure or refusal," which courts have found "easily qualifies as culpable conduct with respect to the entry of a default judgment." *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 606-07 (E.D. Pa. 2009).

Colony has also demonstrated that it would be prejudiced if default is denied. As discussed, Colony has provided and continues to provide defenses and fund settlements in actions against the named insured parties, including Control Building. ECF No. 1 ¶¶ 25, 32. Without a declaration that it no longer needs to perform its obligations under the insurance policies, Colony will continue to incur expenses defending these actions and will suffer mounting harm as a result. Because of the continuing nature of the harm caused by Control Building's breach, there is "no just reason for delay," and default judgment is also warranted under Fed. R. Civ. P. 54(b).

### III. The declaratory judgment Colony seeks is inappropriate.

Though default judgment against Control Building is warranted, the declaratory judgment Colony seeks is overly broad and is inappropriate under *Frow* and its progeny. As Defendant DDR argues, a judgment freeing Colony from the obligation to defend or indemnify *any* of the named insureds until Control Building satisfies the retained limits would effectively foreclose DDR's counterclaim that it may satisfy its own retained limit. The declaratory judgment would also be non-binding against named insureds who have not been named defendants in this action.

#### A. Granting the requested declaratory judgment would lead to a potentially inconsistent ruling on DDR's counterclaim.

##### 1. DDR is a named insured under the insurance policies.

As an initial matter, Plaintiff Colony argues that DDR cannot challenge its motion for default judgment because DDR is not a named insured under the policy at all. Colony claims that "it is undisputed that the policies do not identify DDR Corp. or Developers Diversified Realty Corporation as named insureds" because the Named Insured Endorsement identifies "Oxford Building Services/DDR, Inc." together on the same line. ECF No. 28 at 4. Colony cites cases in

California and Illinois state court finding that subcontractors who were not named insured parties under insurance policies could not satisfy retained limits. ECF No. 7 at 17-19 (citing *Forecast Homes, Inc. v. Steadfast Ins. Co.*, 105 Cal. Rptr. 3d 200 (Ca. Ct. App. 2010); *American Nat'l Fire Ins. Co. v. Nat'l Union Fire Co.*, 796 N.E.2d 1133 (Ill. App. Ct. 2003)).

These cases are not relevant here. This Court already found, when granting DDR's motion to intervene, that DDR is "an additional named insured under the same policy." ECF No. 20 at 1.

### 2. DDR claims that the insurance policies require named insured parties – not just Control Building – to pay the retained limits.

DDR argues in its counterclaim that, "[a]s an additional insured on the alleged Colony policies, payment by DDR in connection with a claim satisfies" the retained limit. ECF No. 24 ¶ 101. According to DDR, the policies refer to the retained limit as "your" retention, *id.*, define the retained limit as "the amount or amounts which *you* or any insured must pay for all compensatory damages which *you* or any insured shall become legally obligated to pay," ECF No. 7 at 17 (emphasis added), and require that, "upon [Colony's] written request, *you* shall tender such portion of the self-insured retention as we consider necessary to complete the settlement of a claim or 'suit.'" ECF No. 1 ¶ 12 (emphasis added). The policies define "you" and "your" as "the Named Insured shown in the declarations, and any other person or organization qualifying as a Named Insured under this policy." ECF No. 27 at 15. According to DDR, under a plain-language reading of the insurance policies, any "you" – any named insured – must pay the retained limit specified by the policies.

Colony agrees that "it is clear from the policy language that the obligation to satisfy the Retained Limit belongs to a Named Insured," but then argues that, "[m]ore specifically, the duty

to satisfy the Retained Limit belongs to Control Building, which the Policies designate as not simply a Named Insured but the first Named Insured." ECF No. 7 at 15. Colony points to a district court ruling in a parallel proceeding against Control Building that "the policy imposes the obligation to satisfy the retained limit upon Control Building, notwithstanding that Control Building was not a defendant in the underlying claims at issue." ECF No. 28 at 5 (citing *Colony Nat'l Ins. Co. v. Control Bldg. Servs., Inc.*, 2013 WL 6050959, at *1 (M.D. Fla. Nov. 15, 2013)). The court in that case, though, merely held that Control Building, "as a Named Insured, may be obligated to pay the self-insured retention" on behalf of other parties, not that other named insured parties could not pay the retained limits themselves. *Id.* Colony also argues that, as the first named insured, Control Building has certain delineated rights and responsibilities that the other named insureds do not, including "obligations relating to premium audits" and the exclusive right to "make changes in the terms of the Policies with Colony's consent." ECF No. 28 at 4-5. But Colony doesn't explain how these rights and responsibilities – which, unlike the obligation to pay the retained limit, are explicitly reserved for the first named insured – demonstrate that *only* Colony can pay the retained limit.

### 3. DDR's counterclaim should be resolved on the merits.

Without ruling on the merits of DDR's counterclaim at this time, the Court finds that this is similar to a "situation[ ] where the liability of one defendant necessarily depends upon the liability of the others." *International Controls Corp.*, 535 F.2d at 746. As the Court will discuss, a finding that Control Building is liable for breach of contract will not lead to a finding that DDR is liable for breach of contract, but the default judgment against Control Building that Colony seeks will bind DDR in another way: as Colony acknowledges, "[i]f the Court grants the relief that Colony seeks . . . the Court will have necessarily determined that the policies do not permit

additional insureds like DDR to fulfill Control Building's obligation to satisfy the retained limit." ECF No. 28 at 2. This holding is the opposite of the declaration DDR seeks in its counterclaims. ECF No. 24 ¶¶ 100, 102.

Colony says the Court should grant the declaratory judgment it seeks without waiting to resolve DDR's counterclaims because, "[i]n that event, DDR's counterclaims will be mooted and there will be no chance for a logically inconsistent result as to DDR." *Id.* It is not clear why default judgment would moot DDR's claims about its ability to satisfy the retained limit, rather than creating the very possibility of a logically inconsistent result that *Frow*'s progeny warn against. In any event, legal issues like this one should be "disposed of on the merits whenever practicable." *Hritz*, 732 F.2d at 1181. The Court will not rule on an issue by default if it is contested on the merits by another party.

Courts have declined to grant default judgment in similar situations. As example, in *Century Sur. Co. v. Whispers Inn Lounge, Inc.*, the Southern District of New York denied an insurance company's motion for default judgment against one defendant in an action seeking declaratory judgment that the defendant's insurance policy did not require coverage for a wrongful death suit brought against the defendant. 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014). The court followed *Frow* and held that delaying entry of default judgment was "particularly appropriate" because a non-defaulting co-defendant claimed that it was an additional insured under the policy. The court held that "declaring that the underlying action is not covered or that the policy be rescinded ab initio would, in effect, decide the case for [the non-defaulting co-defendant], even though it disputes [Plaintiff's] claims." *Id.* Similarly, the declaratory judgment Colony seeks would, in effect, decide DDR's counterclaim, even though DDR has not defaulted.

15

NOT FOR PUBLICATION

## B. The requested declaratory judgment may be unenforceable against non-parties.

DDR's counterclaim also raises the possibility that the declaratory judgment Colony seeks would violate the "principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). Colony seeks a declaration that it has no obligation to defend or indemnify *any* of the named insureds until Control Building satisfies the retained limit in any pending or upcoming claim, but Colony has not named any of the other insureds as defendants in this action. Nor, as a result, has the clerk entered a default against any of the named insureds under Fed. R. Civ. P. 55(a), as is necessary for Colony to obtain default judgment against them under Fed. R. Civ. P. 55(b). These non-parties have not had a "'full and fair opportunity' to litigate the claims and issues" raised in the complaint against Control Building. *Taylor*, 553 U.S. at 892 (quoting *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996)).

To the extent that the declaratory judgment Colony seeks would define the rights of these non-party named insureds under the insurance policies, the judgment would violate the rule against non-party issue preclusion. *Id.* To the extent that the judgment would *not* bind other named insureds seeking to enforce their own rights under the policies, it would create the same possibility of inconsistent rulings that courts should avoid under *Frow*. For this reason, again, the broad default declaratory judgment Colony seeks is inappropriate.

### IV. A narrowly tailored declaratory judgment against Control Building only is appropriate.

Unlike the line of multi-defendant cases denying default judgment under *Frow*, a narrowly tailored default judgment against Control Building does not necessarily create the possibility of inconsistent rulings regarding other defendants. As example, because the issue before the court in *Whispers Inn Lounge* was the scope of an insurance policy covering multiple insured defendants, the court's declaratory judgment against one defendant that wrongful death suits were not covered by the policy would have meant, logically, that wrongful death suits were not covered by the policy for the other insured defendants. *Whispers Inn Lounge*, 2014 WL 8392302, at *1. In contrast, this Court's ruling that Control Building is liable for breach of contract does not mean that other named insureds are also liable for breach of contract; Colony has not alleged that they also failed to pay retained limits upon request. Similarly, a limited declaratory judgment stating that Colony has no obligation to defend or indemnify *Control Building specifically* does not create the possibility of an inconsistent decision because it says nothing about whether Colony is obligated to defend or indemnify other parties, such as DDR, nor whether those parties can satisfy retained limits themselves.

### V. The amount of damages is satisfactorily established.

In counts I and III of the complaint, Colony seeks damages for Control Building's breaches of the insurance policies totaling $135,414.92. This amount includes (a) $100,000, representing the full unsatisfied retained limit in *Green*, for which Colony incurred $107,672.77 providing a defense and $875,000 funding a settlement; (b) $15,866.90, representing the expenses Colony incurred providing a defense in *Mulvaney*; and (c) $19,548.02, representing the expenses Colony has incurred providing a defense in the pending *Wyse* litigation. ECF No. 7 at

8-9. Though Colony has not submitted any documentation of the damages, it has submitted a sworn affidavit testifying as to the amounts. *See* Affidavit of Regina L. Tuggle, ECF No. 7-2 ¶¶ 12-22. In at least one of these cases, *Wyse*, Colony has incurred expenses defending named insureds other than Control Building. As the Middle District of Florida held, though, because Control Building is the first named insured under the insurance policies, the policies "impose[ ] the obligation to satisfy the retained limit upon Control Building," even if Control Building is "not a defendant in the underlying claims at issue." *Colony Nat'l Ins. Co.*, 2013 WL 6050959, at *1. Colony has demonstrated a "basis for the damages specified in the default judgment," *Transatlantic Marine Claims Agency*, 109 F.3d at 111, and entering judgment against Control Building in the full amount of $135,414.92 would not lead to the possibility of an inconsistent ruling with respect to other parties.

## CONCLUSION

Plaintiff Colony National Insurance Company states a facially valid claim for breach of contract against Defendant Control Building Services, Inc., and the *Chamberlain* factors favor an entry of default judgment. With respect to counts I and III of the complaint, which seek damages for breach of contract, default judgment is entered against Control Building in the amount of $135,414.92. With respect to counts V-VIII of the complaint, which seek a declaratory judgment that Colony is not obligated to provide defense or indemnification in any pending or future action against named insureds unless and until Control Building satisfies the retained limit in the action, the Court enters default judgment declaring that Colony is not obligated to defend or

NOT FOR PUBLICATION

indemnify Control Building *only* unless and until Control Building satisfies the retained limit. An appropriate order follows.

DATE: 18 November 2015

William H. Walls
Senior United States District Court Judge